UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES K. CHENOWETH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:18-cv-00372-SEB-DLP |
| ) | |
| KEITH BUTTS Warden of the New Castle ) | |
| Correctional Facility, New Castle, Indiana, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Petition for Writ of Habeas Corpus
as Unauthorized Successive Petition**

**I. Introduction**

James K. Chenoweth was convicted of two counts of child molesting in the Elkhart County Superior Court, case number 20D03-0705-FA-00028, on June 18, 2009. The Indiana Court of Appeals affirmed Mr. Chenoweth's conviction and sentence on August 3, 2010. *Chenoweth v. State*, 930 N.E.2d 1244 (Ind. Ct. App. 2010) (table; text in Westlaw at 2010 WL 3011960). The Indiana Supreme Court denied transfer on October 20, 2010. *Chenoweth v. State*, 940 N.E.2d 827 (Ind. 2010) (table; text in Westlaw at 2010 WL 5481089). Certiorari review by the Supreme Court of the United States was not sought. Mr. Chenoweth's conviction therefore became final 90 days later, when the time for seeking certiorari expired, on January 18, 2012. *Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012).

Mr. Chenoweth filed a state petition for post-conviction relief on August 19, 2013. At that time, 579 days had elapsed between the conviction becoming final and the commencement of a state post-conviction petition.

The state trial court denied post-conviction relief on August 1, 2014. The Indiana Court of Appeals affirmed the denial of post-conviction relief on June 9, 2015. *Chenoweth v. State*, 35 N.E.3d 317 (Ind. Ct. App. 2015) (table; text in Westlaw at 2015 WL 3618693). The Indiana Supreme Court denied transfer on December 3, 2015. *Chenoweth v. State*, 41 N.E.3d 690 (Ind. 2015) (table; text in Westlaw at 2015 WL 8084230).

On October 5, 2016, Mr. Chenoweth filed a petition for a writ of habeas corpus in the Northern District of Indiana, South Bend Division, pursuant to 28 U.S.C. § 2254. *Chenoweth v. Neal*, No. 3:16-cv-00673-JTM-MGG (N.D. Ind. Oct. 5, 2016). The petition challenged his conviction in state case number 20D03-0705-FA-00028. The federal district court dismissed the petition as untimely on October 18, 2016. Mr. Chenoweth appealed that decision to the United States Court of Appeals for the Seventh Circuit. *Chenoweth v. Neal*, No. 17-1032. On June 12, 2017, the Seventh Circuit denied Mr. Chenoweth's appeal by denying a certificate of appealability and "find[ing] no substantial showing of the denial of a constitutional right." *Id.*

## II. Discussion

Mr. Chenoweth concedes this procedural history in his instant petition, styled as a "second petition," noting the dismissal of his prior petition, as well as noting the Seventh Circuit's denial of his appeal. Dkt. 1, p. 6. He does not address in his petition any justification for bringing a successive action in this Court without having first obtained permission from the Seventh Circuit.

Rather, Mr. Chenoweth contends that the instant petition is not a successive petition because it raises issues that were not raised in the first petition. Dkt. 7, pp. 4-5. He then argues that his first petition was timely and that he should receive the benefits of equitable tolling.

However, when there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner must obtain permission from the

Court of Appeals under 28 U.S.C. § 2244(b). *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). It "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). Therefore, "[a] district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id*. Pursuant to *Altman*, a petition dismissed because it was untimely counts as a petition dismissed on the merits. 337 F.3d at 766.

Mr. Chenoweth's current Section 2254 petition must be summarily dismissed for lack of jurisdiction because it is a second or successive action for relief on the same conviction, and there is no indication that the Court of Appeals has authorized its filing. This disposition is compelled entirely apart from whether Mr. Chenoweth has or lacks a strong case for filing a successive Section 2254 petition. That is a point on which the Court expresses no opinion and into which it has no authority to inquire. If Mr. Chenoweth wishes to pursue his successive claims, he must file a request to do so in the Seventh Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

Accordingly, this action is **dismissed** for lack of jurisdiction. Final judgment shall enter consistent with this Order.

### III. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Chenoweth failed to seek permission from the Seventh Circuit before filing his successive petition in this Court, and without that prior permission, this Court has no jurisdiction to consider the successive action. Jurists of reason could not disagree with this Court's resolution of this claim and nothing about the claim deserves encouragement to proceed further. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED**.

Date: 4/11/2019

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James Chenoweth
206688
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Electronically Registered Counsel